BJORKQUIST, Appellant, vs. SCHOMBERG, imp., Respondent.

*November 28—December 16, 1902.*

*Appeal and error: Questions reviewed.*

Where the question at issue is solely one of fact, the findings of the trial court thereon will not be reversed unless clearly against the preponderance of the evidence.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

For the appellant there was a brief by *Turner, Pease & Turner,* and oral argument by *W. J. Turner.*

*J. E. Wildish,* for the respondent.

WINSLOW, J. This is an action in equity, brought by the plaintiff, a judgment creditor of the Union Land Company, an insolvent corporation, against the respondent *Schomberg* and a number of other persons, claiming that they were liable upon subscriptions to the capital stock of said corporation, or as successors to subscribers of said capital stock. Judgment was obtained against some of the defendants, but as to the respondent *Schomberg* the complaint was dismissed, and the plaintiff appeals from that part of the judgment. The plaintiff's claim was that *Schomberg,* some time after the organization of the corporation, purchased 270 shares of its stock, having a par value of $10 each, upon which there was due and unpaid at least the sum of $740, which sum has never been paid. On the other hand, the defendant claimed that he at no time purchased or owned more than 122 shares of the stock, which stock was fully paid and nonassessable when he purchased, and that thereafter, and prior to the commencement of this action, he surrendered his stock to the corporation, and also paid $1,000 to the corporation, and received in consideration therefor three building lots owned by the corporation. The question at issue was purely one of fact. There was testimony on both sides of the proposition. It cannot be said that the finding of the trial court was so clearly against the preponderance of the evidence that this court would be justified in reversing it. No useful purpose would be subserved by rehearsing the evidence.

*By the Court.*—Judgment affirmed.

BARDEEN, J., took no part.